**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS JOSE CHIRINOS RUIZ,

Petitioner,

v.

Case No. 1:26-cv-03246-MIS-LF

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States; and WARDEN, in his Official Capacity as Warden, Cibola County Correctional Center,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Carlos Jose Chirinos Ruiz's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 29, 2026. The federal Respondents filed a Response on October 15, 2026 ("Response").[1] ECF No. 8. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Venezuela who illegally entered the United States on or about April 16, 2023, near El Paso, Texas. See ECF No. 8-1, Notice to Appear. On July 12, 2023, he was provided a Notice to Appear ("NTA"), charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act and ordering him to appear before an Immigration Judge on May 22, 2024. Id. On June 15, 2026, Petitioner did not appear at a scheduled hearing, and the Immigration Judge ordered him removed, finding no exceptional circumstances for the failure to appear and conducting the hearing in absentia. ECF No. 8-2, Order of the Immigr. Judge. On June 26, 2026, Petitioner moved to reopen his removal proceedings, asserting that he had not received notice of the June 15, 2026, hearing. Pet. at 4. The Immigration Judge denied the Motion to Reopen, finding that: (1) Petitioner did not contest service of the July 2023 NTA; (2) the Notice of Hearing for the June 15, 2026, was not returned as undeliverable; (3) the Petitioner presented no evidence that he had previously failed to receive notices at the record address; (4) the Petitioner presented a Motion to Allow Virtual Appearance on August 7, 2025; and (5) Petitioner had not updated his address since the August 2025 Motion. ECF No. 8-3 at 2, Written Decision and Order of the Immigr. Judge at 2-3. The Immigration Judge concluded that Petitioner had not presented evidence to establish that he had not received proper notice of the June 15, 2026, hearing and denied the Motion to Reopen. Id. at 3-4. Petitioner was taken into custody on or about September 7, 2026, and remains detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. at 1, 3, 9.

On September 30, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which instructed Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." ECF No. 5.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that the June 15, 2026, removal order, entered in absentia, violated his Fifth Amendment due process rights. Id. at 19. Petitioner argues that because the removal order violated his Fifth Amendment due process rights, it is not a valid final order of removal, and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). Id. at 17-18. In response, Respondents argue that Petitioner's detention is governed by 8 U.S.C. § 1231 and not 8 U.S.C. § 1226(a) because the Immigration Judge's removal order became administratively final on or about June 15, 2026. ECF No. 8 at 1-2. Respondents further argue that Petitioner's detention is within the constitutionally permissible timeframe set forth by set forth by Zadvydas v. Davis, 533 U.S. 678 (2001), and therefore lawful. Id.

Initially, the Court rejects Petitioner's argument that the June 15, 2026, hearing, held in absentia, denied him due process. Section 1252(a) of the INA strips federal courts of jurisdiction over review of discretionary decisions made by Immigration Judges. 8 U.S.C. § 1252(a)(2). Although the jurisdiction stripping aspect of Section 1252(a) does not apply to review of constitutional claims, see 8 U.S.C. § 1252(a)(2)(D) & Suri v. Trump, 184 F.4th 260, 288 (4th Cir. 2026) (holding that 8 U.S.C.§ 1252(a) does not bar challenging removal proceedings that were initiated in retaliation for petitioner's exercise of First Amendment rights), the Tenth Circuit has held that this exception does not apply to challenges that recast factual determinations as due process challenges, see Arambula-Medina v. Holder, 572 F.3d 824, 828 (10th Cir. 2009). In short, in this particular case, Petitioner does not argue that the process of providing him notice of the hearing was itself constitutionally defective or that the Immigration Judge did not provide a full and fair hearing regarding his Motion to Reopen; rather he merely asks the Court to revisit the Immigration Judge's factual finding that he received notice of the June 2026 hearing. Pet. at 19. In so arguing, Petitioner has essentially recast his challenge to this factual determination as a constitutional one, and thus judicial review is barred by Section 1252(a). See Arambula-Medina, 572 F.3d at 828. What is more, Petitioner offers no evidence – other than his assertion (which he raised in his Motion to Reopen) – to support his argument that he did not receive notice of the June 2026 hearing. Pet. at 19. Thus, even if the Court were to construe Petitioner to have raised a due process challenge and not a factual one, such a cursory argument would not be sufficient to support a constitutional challenge. See generally Pinto v. Holder, 446 Fed. App'x 916, 917 (9th Cir. 2011) (rejecting as cursory a constitutional challenge to argument that Petitioner had not been provided a full and fair hearing in violation of his due process rights).

The regulation implementing the INA sets forth the conditions where a removal order becomes final. 8 C.F.R. § 1241.1. Specifically, as relevant here, a removal order becomes final "If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order." 8 C.F.R. § 1241.1(e). Thus, the Court finds that Petitioner is subject to a final order of removal and 8 U.SC. § 1231 governs his detention.

Under that statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). During the removal period, detention is generally mandatory. 8 U.S.C. § 1231(a)(2)(A). Further, under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. Although mandatory detention under Section 1231(a) is subject to statutory and constitutional limitations, Petitioner has been in ICE detention for approximately two-and-a-half months, which is well within the presumptively reasonable six-month period of detention established by Zadvydas. 533 U.S. at 701. As such, the Court finds that Petitioner's detention is not unlawful, and he is therefore not entitled to habeas relief. If circumstances change, and Petitioner's detention is no longer presumptively reasonable, he may file a new petition asserting that an indefinite, ongoing detention violates his Fifth Amendment right to due process as his removal is not likely within the reasonably foreseeable future.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE